IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRAVIS SCOTT CONKLIN, : CIVIL ACTION NO. **4:CV-13-0904**
:
    Plaintiff : (Judge Brann)
:
v. : (Magistrate Judge Blewitt)
:
SGT. HALE, *et. al,* :
:
:
    Defendants :

## **REPORT AND RECOMMENDATION**

**I.    Background.**

On April 10, 2013, Plaintiff, Travis Scott Conklin, formerly an inmate confined at the State Correctional Institution at Forest ("SCI-Forest), Marienville, Forest County, Pennsylvania, and currently an inmate confined at the State Correctional Institution at Houtzdale, Houtzdale, Clearfield County, Pennsylvania, filed, *pro se*, a form civil rights Complaint raising constitutional claims pursuant to 42 U.S.C. § 1983, in the U.S. District Court for the Middle District of Pennsylvania. (Doc. 1). Plaintiff named as Defendants in his Complaint Sgt. Hale (or Hale), Lt. Brigger, Warden Burns, and Corrections Officer Rockwell. Plaintiff indicates that all of his Defendants are employed at SCI-Forset located in the Western District of Pennsylvania. Plaintiff is also presently confined in the Western District of Pennsylvania. On April 10, 2013, Plaintiff also filed an application to Proceed *In Forma Pauperis*.[1] (Doc. 2).

---

[1] We recommend that the transferee court rule on Plaintiff's application for Leave to Proceed *in forma pauperis*. (Doc. 2).

On March 27, 2013, Plaintiff Conklin, filed, *pro se*, a previous action with this Court on a form civil rights Complaint. *See* Civil No. 13-0793, M.D. Pa.[2]

**II.     Discussion.**

We find that Plaintiff's instant constitutional claims against Defendants, all employees at SCI-Forset located in the Western District of Pennsylvania, should be transferred to the District Court for the Western District of Pennsylvania.[3] Plaintiff is mainly alleging that Defendants used excessive force on him and denied him his right to free speech in violation of his Eighth and First Amendments rights, while he was an inmate at SCI-Forest, which is located in Marienville, Forest County, Pennsylvania, and located in the Western District of Pennsylvania. Plaintiff's constitutional claims against Defendants allegedly occurred in November 2012, while Plaintiff was confined in Forest County, Pennsylvania, within the jurisdiction of the District Court for Western District of Pennsylvania. The alleged conduct of the stated Defendants does not appear to have occurred in the Middle District of Pennsylvania. Thus, neither Plaintiff nor Defendants have any connection with the Middle District of Pennsylvania, and Plaintiff's claims did not arise in the Middle District.

As such, we will recommend that Plaintiff's constitutional claims against Defendants be transferred to the District Court for the Western District of Pennsylvania, since this is the more convenient forum regarding these claims, pursuant to 28 U.S.C. §1404(a). The District Court of Western District of Pennsylvania clearly would have jurisdiction Defendants and over Plaintiff's

---

[2]On March 29, 2013, we screened Plaintiff's Complaint in his Civil No. 13-0793 case, and we issued an R&R recommending that the case be dismissed with prejudice.

[3]See *Washington v. Grace*, 2010 WL 4922912, *7 & *10 (M.D. Pa. 11-9-10).

claims, all of which arose in Forest County, Pennsylvania. *See Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa. (12-20-10 Order). As stated, no party has any connection with the Middle District and Plaintiff's claims did not arise in the Middle District of Pennsylvania.

In *Washington v. Grace*, 2010 WL 4922912, *10-*11 (M.D. Pa. 11-9-10), the Court stated:

> When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the Court. Under 28 U.S.C. § 1406:
>
> The district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought.
>
> 28 U.S.C.. § 1406(a).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum; *Abuhouran v. Kaiserkane, Inc.*, *supra*.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to

> any district where the action might have been brought. 28 U.S.C. §
> 1404(a). The United States Supreme Court in *Hoffman v. Blaski,* 363
> U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that
> under § 1404(a), a civil action may be transferred by a district court to
> another district court where that action may have been brought by the
> plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy
> and money and to protect litigants, witnesses and the public against
> unnecessary inconvenience and expense." *Id*. (internal quotations
> omitted). Although the court has discretion to transfer venue, "a
> motion to transfer is not to be liberally granted."*Measurement
> Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa.
> 2003)."

The *Brown* Court considered all of the relevant factors and found that since the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, the relevant Defendants were located in the Western District of Pennsylvania, and "practical considerations dictate[d] that the action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania. *Id*., *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference;
> (3) where the claim arose; (4) the convenience of the parties; [sic]
> (4) the convenience of the witnesses, but only to the extent that
> the witnesses may actually be unavailable for trial in one of the fora;
> (5) the location of books and records, similarly limited to the extent
> that the files could not be produced in the alternative forum;
> (6) the enforceability of the judgment; (7) practical considerations that
> could make the trial easy, expeditious, or inexpensive; (8) the

> relative court congestion in the competing courts; (9) the local interest
> in deciding local controversies at home; (10) the public policies of
> the fora; (11) and the familiarity of the trial judge with the applicable
> state law.

*Id*. at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[4]

Based on the above analysis of the relevant factors as they pertain to the instant case, specifically regarding the listed factors 1, 3, 4, 7, and 9, we find that the factors weigh in favor of transferring Plaintiff Conklin's case as against all SCI-Forest Defendants to the District Court for the Western District of Pennsylvania. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.); *Washington, supra*.

Therefore, we find that for the convenience of the parties, the instant case should be transferred to the District Court for Western District of Pennsylvania as against all Defendants. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007); *Washington v. Tank Industry Consultants, Inc.*, 2008 WL 4916038 (E.D. Pa. 11-14-08); *Abuhouran v. Kaiserkane, Inc.*, *supra*.; *Tsoukalas v. U.S.*, *supra*.

We will recommend that Plaintiff's claims against Defendants be transferred to the District Court for the Western District of Pennsylvania. As discussed, neither Defendants nor Plaintiff's claims against them have any connection with the Middle District of Pennsylvania. Furthermore, we recommend that the Court defer to the transferee court for ruling on Plaintiff's Motion for Leave to proceed in forma pauperis. (Doc. 2).

---

[4] The quote from *Brown* contained two factors number (4).

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint (**Doc. 1**), be transferred to the District Court for the Western District of Pennsylvania.

                               <u>s/ Thomas M. Blewitt</u>
                                **THOMAS M. BLEWITT**
                                **United States Magistrate Judge**

**Dated: April 16, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS SCOTT CONKLIN, | : | CIVIL ACTION NO. **4:CV-13-0904** |
| Plaintiff | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| SGT. HALE, *et. al,* | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 16, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record. The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                        s/ Thomas M. Blewitt
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: April 16, 2013**