IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVIS SCOTT CONKLIN,　　　　)
　　　　　　Plaintiff,　　　　　　　)　　C.A. No. 13-132 Erie
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　District Judge McVerry
　　　　　　　　　　　　　　　　　)　　Magistrate Judge Baxter
M.D. HALE, et al.,　　　　　　　　)
　　　　　　Defendants.　　　　　　)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

It is respectfully recommended that Defendants' partial motion for summary judgment [ECF No. 41] be granted.

**II.　　REPORT**

　　**A.　　Relevant Procedural and Factual History**

Plaintiff Travis Scott Conklin, a prisoner formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"),[1] brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the following corrections officers at SCI-Forest: Sgt. M.D. Hale ("Hale"), Lt. Brigger ("Brigger"), and Officer Rockwell ("Rockwell").[2] In his *pro se* complaint, Plaintiff claims that Defendants used excessive force against him in violation

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania.

[2] Plaintiff originally named SCI-Forest Superintendent Burns as a Defendant in this case; however, upon Defendants' motion for judgment on the pleadings, District Judge Terrence F. McVerry entered an Order granting Defendants' motion and dismissing Defendant Burns from this case. [ECF No. 40].

1

of his rights under the eighth amendment to the United States Constitution. In particular, Plaintiff alleges that on November 18, 2012, Defendant Hale used excessive force by placing him in a chokehold, Defendant Rockwell used excessive force by punching him, and Defendant Brigger failed to intervene to stop the force being used against him. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

The parties have completed discovery. On April 14, 2014, Defendants filed a motion for partial summary judgment seeking to have judgment entered in favor of Defendants Hale and Brigger only, based upon Plaintiff's failure to state a claim upon which relief may be granted against either of them. [ECF No. 41]. Plaintiff has since filed a brief in opposition to Defendants' motion. [ECF No. 56]. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d

497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

## 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## C. Discussion
### 1. Defendant Hale

"In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000), quoting Whitley, 475 U.S. at 321. The central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

4

and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Moreover, "a showing of 'significant' or 'serious' injury is not necessary to make an Eighth Amendment claim." Brooks, 204 F.3d at 107, quoting Hudson, 503 U.S. at 8.

Here, in response to Plaintiff's claim that Defendant Hale used excessive force against him by placing him in a chokehold, Defendants argue that "there is no evidence whatsoever that Sgt. Hale placed plaintiff in a chokehold, or headlock, as plaintiff sometimes describes it." (ECF No. 42, Defendants' Brief, at p. 7). In particular, Defendants point out that Plaintiff testified at his deposition that he could not say who put him in a chokehold, or headlock:

> Q. Now, you had mentioned earlier about chokehold. When did this happen?
>
> A. … When I was on the ground, they were trying to cuff me. I remember, like I said, the CO or Sergeant, or correctional officer on top of me having me in a chokehold while I was sitting on the ground by 1020. As I was trying to be cuffed, there was an individual on top of me having me in a headlock.
>
>      *      *      *
>
> Q. Do you know who that individual was who had you in the headlock?
>
> A. At the time I thought it was Sergeant Hale. At the moment right now I might change that note.
>
> Q. What would you change it to?
>
> A. I wouldn't be able to tell you. I mean then, I thought it was him. After I think about things, and I see the situation, and I read the notes of the case and stuff like that, I might consider changing it as him not being the one that put me in a chokehold, but I wouldn't say that I guarantee change it. But that's a thought I have because of just from reviewing then until now --- case notes, this and that with the case, my thoughts are leading me to say that is it really him that did that? Or is it somebody else?
>
> Q. So at this point in time today, you don't know whether it was Sergeant

5

> Hale or somebody else who put you in the chokehold?
>
> A. At this point in time, right now as we're speaking, I really couldn't remember exactly who it is. To give you an accurate name of an employee today of who it was that did it, I couldn't tell you. Then I thought it was him; now, I couldn't tell you what was.

(ECF No. 44-1 at pp. 48-50, Plaintiff's deposition transcript, internal pp 45-47).

For his part, Defendant Hale specifically denies having placed Plaintiff in a chokehold (ECF No. 44-1 at p. 176, Defendant Hale's Response to Plaintiff's Interrogatories at ¶ 8), while an internal investigation of the incident discloses that it was Defendant Rockwell who "appear[ed] to have [Plaintiff] in a head lock." (ECF No. 44-1 at p. 80). Moreover, Defendant Rockwell has confirmed that he was the one who put Plaintiff in a headlock. (ECF No. 44-1 at p. 184, Defendant Rockwell's Response to Plaintiff's Interrogatories at ¶ 1).

Thus, the record evidence, including Plaintiff's own testimony, not only fails to support Plaintiff's allegation that Defendant Hale placed Plaintiff in a chokehold, but, instead, establishes that it was Defendant Rockwell who did so. Because there is no evidence that Defendant Hale took the action on which Plaintiff's excessive use of force claim is based against him, summary judgment should be granted in his favor and against Plaintiff.

### 2. **Defendant Brigger**

Defendants argue that Plaintiff has failed to show the personal involvement of Defendant Brigger in the alleged use of excessive force and, therefore, summary judgment should be entered in his favor.

Plaintiff has alleged that, at the time of the incident in question, Defendant Brigger

"watched and never ordered the CO's or Sgt to cease their actions." (ECF No. 1, Complaint, at Section IV.3). The Third Circuit Court has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). See also Garbacik v. Janson, 111 F. App'x. 91, 94 (3d Cir. 2004) (duty to intervene was clearly established as constitutional right before 1997).

Defendants, however, argue that "there is no evidence whatsoever that he was present during the unplanned use of force." (ECF No. 42, Defendants' Brief, at p. 8). First, Defendants point out that, at his deposition, Plaintiff had no recollection of Defendant Brigger being present before he was cuffed and shackled, which was after the alleged use of force had concluded:

> Q. Now, at the very beginning you had mentioned Lieutenant Brigger, and you said that you thought he might have been watching you. Can you describe exactly what Lieutenant Brigger's role in this was?
>
> A. Do you want what his role is supposed to be or what his role was in general as to the whole scenario?
>
> Q. Do you know when Lieutenant Brigger arrived at the scene?
>
> A. I assume that Lieutenant Brigger was there right after I was on the ground cuffed.
>
> Q. You assume or you know?
>
> A. I'm thinking that he was, but I'm not positive.
>
> Q. So you think, but you're not positive that he arrived right after you were cuffed?
>
> A. Right after they cuffed me.

```
              *                    *                    *
         Q.    And when you were cuffed, was the struggle over?
         A.    After I was cuffed, the struggle was over….
```

(ECF No. 44-1 at pp. 57-58, Plaintiff's deposition transcript, internal pp. 54-55).

Second, records of the DOC's internal investigation confirm that Defendant Brigger arrived at the scene of the incident only after Plaintiff was already cuffed and shackled on the floor. (ECF No. 44-1 at pp. 110, 123). Thus, the record evidence is clear that Defendant Brigger arrived at the scene of the incident after the alleged excessive use of force had already occurred and was not in a position to intervene to stop the actions of those involved. Accordingly, summary judgment should be entered in favor of Defendant Brigger and against Plaintiff.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' partial motion for summary judgment [ECF No. 41] be granted, and that summary judgment be entered in favor of Defendants Hale and Brigger and against Plaintiff.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                        /s/ Susan Paradise Baxter
                        SUSAN PARADISE BAXTER
                        United States Magistrate Judge

Dated: December 5, 2014

cc:     The Honorable Terrence F. McVerry
       United States District Judge