IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS SCOTT CONKLIN,<br>　　　　Plaintiff,<br><br>　　　　　v<br><br>OFFICER ROCKWELL,<br>　　　　Defendant. | )<br>)<br>)<br>)　1:13-cv-132<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Now pending before the Court is Plaintiff's MOTION FOR PREPAYMENT OF EXPENSES (ECF No. 77) filed by recently-appointed *pro bono* counsel for Plaintiff Travis Scott Conklin. Defendant, Corrections Officer Mark Rockwell, has filed a NOTICE TO COURT REGARDING MOTION FOR PREPAYMENT OF EXPENSES (ECF No. 78) in opposition to the motion. Plaintiff has not filed a reply. The motion is ripe for disposition.

This case was initially litigated pro se by Conklin. He alleges that he was subjected to excessive force by various corrections officers during an incident on November 18, 2012, while he was a prisoner at SCI-Forest. On February 25, 2015, the Court adopted a Report and Recommendation from Magistrate Judge Baxter which granted summary judgment in favor of Defendants, with the exception of Officer Rockwell. At Plaintiff's request, *pro bono* counsel was appointed to represent Conklin at the trial of this sole remaining claim.

Plaintiff's counsel initially filed a motion for prepayment of expenses on September 1, 2015 (ECF No. 74), which the Court denied without prejudice for lack of specificity. In this renewed request, Plaintiff asks the Court to authorize prepayment of up to $2,500.00 to retain a

medical expert "to review Plaintiff's medical records and provide an expert opinion on the permanency of Plaintiff's [sinus] injuries."

Discovery has been completed in this case. In his NOTICE TO COURT, counsel for Defendant represents that he has examined Plaintiff's medical records from November 2012 (the date of the alleged incident) through August 2013 and has discovered "no treatment for any sinus trauma or sinus problem of any sort." Plaintiff has not submitted any rebuttal to this representation.

Pursuant to the "American Rule," each party shall pay its own expenses at trial, absent a specific statutory provision to the contrary. *United States v. Testan*, 424 U.S. 392 (1976). In this case, counsel for Plaintiff were appointed in accordance with this Court's standing order at In Re Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Actions, Misc. No. 99-95. Pursuant to the standing order, funds may be utilized to defray "the costs and expenses of counsel" in prisoner civil rights cases. The authority to appoint counsel in appropriate cases rests with the district court judge. The discretion to authorize prepayment of expenses to appointed counsel must similarly rest with the district court judge.

Under the facts and circumstances of this case, the Court will not authorize the requested expenditure. Pursuant to the unrebutted representation of defense counsel, there are no relevant medical records for a potential medical expert witness to examine – medical records regarding a sinus condition in the relevant timeframe simply do not exist and discovery has closed. Moreover, any medical examination by Plaintiff's proposed medical expert at this time would not be able to demonstrate a causal connection between any currently-existing sinus condition(s) from which Conklin may suffer and the alleged incident which occurred almost three years ago. Thus, the expenditure of funds to procure a proposed expert witness would likely result in a

further unnecessary delay of trial and would not be reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 1 (rules should be administered to secure the just, speedy and inexpensive determination of every action). Conklin will be permitted to testify personally at trial about any damages which he alleges to have experienced as a result the incident at issue.

AND NOW, this 24th day of September, 2015, Plaintiff's MOTION FOR PREPAYMENT OF EXPENSES (ECF No. 77) is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Neal R. Devlin, Esquire**
Email: ndevlin@kmgslaw.com
**Michael J. Musone, Esquire**
Email: mmusone@kmgslaw.com

**Timothy Mazzocca, Esquire**
Email: tmazzocca@attorneygeneral.gov