# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TRAVIS SCOTT CONKLIN, | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 1:13-cv-132 |
| | ) |
| OFFICER ROCKWELL, | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DISCIPLINARY EVIDENCE (ECF No. 86) filed by Defendant, Corrections Officer Mark Rockwell, with brief in support. Counsel for Plaintiff Travis Scott Conklin ("Conklin") has filed a response in opposition to the motion and it is ripe for disposition.

Conklin alleges that he was subjected to excessive force by various corrections officers during an incident on November 18, 2012, while he was a prisoner at SCI-Forest, in violation of his rights under the Eighth Amendment of the United States Constitution. On February 25, 2015, the Court adopted a Report and Recommendation from Magistrate Judge Baxter which granted summary judgment in favor of Defendants, with the exception of a Section 1983 excessive force claim against Officer Rockwell. At Plaintiff's request, *pro bono* counsel was appointed to represent Conklin at the trial of this sole remaining claim. The parties have agreed to a non-jury trial, which is scheduled to commence on November 9, 2015.

Apparently, an internal investigation was performed by the Pennsylvania Department of Corrections ("DOC") after the unplanned use of force incident on November 18, 2012 which gave rise to this lawsuit. Defendant asserts that an ethics charge against Officer Rockwell for using more than the minimal amount of force was substantiated by a pre-disciplinary panel, but such finding was subsequently overruled by Superintendent Burns. Defendant asks the Court to

exclude any testimony or documentary evidence regarding the DOC charges against Officer Rockwell under Rules of Evidence 401, 402 and 403 as irrelevant and unduly prejudicial.

This precise issue was addressed in *Delker v. Blaker*, 2012 WL 726415, at *6 (W.D. Pa. Mar. 1, 2012), which excluded the evidence and explained: "Simply put, the policies of the Department of Corrections and the Eighth Amendment are not the same, and as such, conclusions drawn by whatever body adjudicated Defendants' culpability [under DOC policies] with regard to their involvement in the June 24, 2008, incident do little more than obscure the issues." *Accord Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006); *Herrera v. Aguilar*, 2013 WL 5354518, at *1 (W.D. Tex. Sept. 24, 2013) (and cases cited therein).

The same result obtains here. Although there is no danger of confusion to the jury, as the parties have elected a bench trial, any evidence regarding the subsequent internal DOC ethics investigation is not relevant to the question of whether Officer Rockwell violated the constitutional rights of Plaintiff Conklin on November 18, 2012. The parties shall focus their evidence at trial on the events of that day.

AND NOW, this 26th day of October, 2015, DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DISCIPLINARY EVIDENCE (ECF No. 86) is **GRANTED.**

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Neal R. Devlin, Esquire**
Email: ndevlin@kmgslaw.com
**Michael J. Musone, Esquire**
Email: mmusone@kmgslaw.com

**Timothy Mazzocca, Esquire**
Email: tmazzocca@attorneygeneral.gov